IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUE WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:23-cv-00424 |
| | § | |
| MINNESOTA LIFE INSURANCE COMPANY, | § § § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT AND REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Minnesota Life Insurance Company ("Minnesota Life"), files this Motion to Strike Plaintiff's Third Amended Complaint (the "Motion to Strike") and Reply to Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (the "Reply"), and respectfully states as follows:

### I. FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises out of Minnesota Life's denial of accidental death benefits to Plaintiff, Sue Williams, under its Group Accidental Death and Dismemberment Insurance Policy No. 405291-G-US278 (the "Group Policy") for coverage issued to Michael Williams-Few (the "Insured"). On January 10, 2023, based on the aforementioned denial, Plaintiff filed her Original Petition in Texas state court asserting claims against Minnesota Life for breach of contract, Texas Deceptive Trade Practices Act ("DTPA") violations, Texas Insurance Code ("TIC") violations, bad faith, and fraud. On February 9, 2023, after this case was removed to federal court, Minnesota Life filed a Motion to Dismiss Plaintiff's Original Petition (Dkt. 3) under Rule

12(b)(6) for Plaintiff's failure to adequately plead her causes of action for DTPA, TIC, bad faith, and fraud (collectively, the "Fraud Based Claims") under Rule 9(b) and other relevant legal standards. Plaintiff filed her First Amended Complaint on March 1, 2023 (Dkt. 6) and her Second Amended Complaint on March 2, 2023 (Dkt. 8). On March 9, 2023, after noting that Plaintiff had still failed to correct the pleading deficiencies from her Original Petition and First Amended Complaint, Minnesota Life filed its Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 11) (the "Motion to Dismiss"), reasserting its arguments under Rules 12(b)(6) and 9(b). On March 29, 2023, without seeking consent from the undersigned counsel or leave of court, Plaintiff filed her Third Amended Complaint (Dkt. 15). The same day, Plaintiff also filed her Response to Minnesota Life's Motion to Dismiss (Dkt. 16) (the "Response").

Minnesota Life now files its Motion to Strike and respectfully asks the Court to strike Plaintiff's Third Amended Complaint as untimely pursuant to Rule 15 of the Federal Rules of Civil Procedure. Minnesota Life also files its Reply and respectfully asks the Court to dismiss Plaintiff's Fraud Based Claims[1] because the contentions asserted in the Response fail to establish that the factual allegations contained in Plaintiff's Second Amended Complaint rise to the level of specificity required under Federal Rules 12(b)(6) and 9(b).

## II. MOTION TO STRIKE

As an initial matter, the Court should grant Minnesota Life's Motion to Strike Plaintiff's Third Amended Complaint. Rule 15(a)(1) of the Federal Rules of Civil Procedure provides:

> ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
>
> **(A)**   21 days after serving it, or

---

[1] Minnesota Life does not seek dismissal of Plaintiff's breach of contract claims at this time.

      **(B)**    if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. P. 15(a)(1). If a party is not entitled to amend its pleading as a matter of course, it may only do so after obtaining written consent from the opposing party or leave from the Court. *Id.* 15(a)(2). If an amended pleading is filed without first obtaining consent or leave, the amended pleading is ordinarily without legal effect and should not be considered by the Court. *See Hoover v. Blue Cross and Blue Shield of Alabama*, 855 F.2d 1538, 1544 (11th Cir. 1988). While the Court may, in its discretion, treat the amendment as having been properly filed, it need not do so where the party seeking to amend has repeatedly failed to cure deficiencies with prior amendments or where permitting the amendment would be futile. *See Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000) (holding district court acts within its discretion when it denies motion for leave to amend pleading where proposed amended pleadings fails to state a claim upon which relief could be granted); *Smith v. Ayres*, 845 F.2d 1360, 1366 (5th Cir. 1988) (affirming trial court's refusal to allow amended complaint where plaintiff had failed to cure deficiencies after filing original complaint and two amended complaints).

      Here, Plaintiff was required to seek consent from the undersigned counsel or leave of court before filing her Third Amended Complaint because she had already utilized her one amendment as a matter of course by filing her First Amended Complaint on March 1, 2023. *See* FED. R. CIV. P. 15(a)(1); *see also Deutsch v. Health Ins. Plan of Greater New York,* 573 F. Supp. 1443, 1445 (S.D.N.Y. 1983) (holding that automatic amendment provisions of Rule 15(a) do not apply to amendments of amended pleadings). However, Plaintiff failed to do either, rendering Plaintiff's Third Amended Complaint without legal effect. *See Hoover*, 855 F.2d at 1544.

Moreover, while the Court has the ability to retroactively accept Plaintiff's Third Amended Compliant as properly filed, it should refuse to do so because Plaintiff has repeatedly failed to cure the deficiencies in her pleadings despite having multiple opportunities to do so, and permitting amendment would be futile. *See Stripling,* 234 F.3d at 873; *Smith*, 845 F.2d at 1366. Specifically, Plaintiff has amended her complaint two times and has still failed to provide any factual details regarding, *inter alia*, who at Minnesota Life made the alleged misrepresentations to her, when said misrepresentations were allegedly made, and how these alleged misrepresentations were fraudulent and deceptive, as required under Rule 9(b). *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 743 (S.D. Tex. 1998) (holding Rule 9(b) requires plaintiff asserting fraud claim to identify the name of the person making the misrepresentation, the time and place the misrepresentation occurred, the content of the alleged misrepresentations, and an explanation of how these alleged misrepresentations were fraudulent and deceptive). Additionally, allowing Plaintiff to amend her complaint for a third time would be futile because the proposed Third Amended Complaint is virtually identical to the Second Amended Complaint and fails to address any of the deficiencies highlighted in Minnesota Life's Rule 12(b)(6) motions. *See Legate v. Livingston,* 822 F.3d 207, 211 (5th Cir. 2016) (affirming trial court's denial of motion to amend complaint where proposed amendment failed to provide sufficient detail to pass muster under Rule 12(b)(6)).

Therefore, the Court should strike Plaintiff's Third Amended Complaint and base its ruling on Minnesota Life's Motion to Dismiss on the allegations set forth in Plaintiff's Second Amended Complaint.

### III. REPLY TO PLAINTIFF'S RESPONSE

The Court should also dismiss Plaintiff's Fraud Based Claims against Minnesota Life

because the Response fails to address several of the deficiencies set forth in the Motion to Dismiss and fails to overcome the deficiencies that it does address.

In her Response, Plaintiff argues, in an extremely broad and conclusory manner, that the Court should deny Minnesota Life's Motion to Dismiss because her Fraud Based Claims satisfy the requirements of Rule 9(b) and that they arose prior to the filing of her claim with Minnesota Life. (Dkt. 16 ¶¶ 11–18). However, each of these arguments misses the mark.

As an initial matter, Plaintiff claims her Second Amended Complaints satisfies the heightened pleading requirements of Rule 9(b) because it asserted the following "additional facts:" Minnesota Life (1) "conducted an unreasonable investigation;" (2) "refused to acknowledge the extent or amount of covered damages for accidental death resulting from asphyxia caused by choking Plaintiff presented;" and, (3) "insisted Plaintiff's damages are significantly less than what Plaintiff's investigators quoted." (Dkt. 16 ¶ 11). The issue with the first "additional fact" relied upon by Plaintiff is that it is not a fact at all, but is yet another conclusory allegation similar to those that make up the contents of Plaintiff's Original Petition and First Amended Complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that pleadings must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The problem with the second and third "additional facts" is that they appear nowhere within Plaintiff's Second Amended Complaint and are therefore, not properly before the Court for purposes of Minnesota Life's Motion to Dismiss. *See United States ex rel. Jacobs v. Walgreen Co.*, CV H-19-5021, 2021 WL 4054308, at *4 (S.D. Tex. July 28, 2021) ("Factual allegations first asserted in a response to a motion to dismiss are not appropriately reviewed in a Rule 12(b)(6) motion."). Moreover, even if they were included in the Second Amended Complaint, they would still be insufficient because

neither of these "additional facts" set forth the who, what, when, and where that must be laid out in fraud allegations before access to the discovery process can be granted. *See ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 349, 351 (5th Cir. 2002). Thus,, the Court should dismiss Plaintiff's Fraud Based Claims because none of the "additional facts" Plaintiff relies upon in her Response are sufficient to satisfy the heightened pleading requirements applicable to her Fraud Claims under Rule 9(b)—even if they had actually been included in her pleadings.

Second, Plaintiff attempts to negate Minnesota Life's contention that she cannot recover because all of the alleged misrepresentations occurred after she submitted her claim by arguing that she "firmly asserted" in her Second Amended Complaint that at least one misrepresentation occurred prior to her submitting her claim. (Dkt. 16 ¶ 13). Specifically, Plaintiff alleges that Minnesota Life "assured Plaintiff that Plaintiff was covered for all perils under [Minnesota Life's] Policy including that of accidental death as a result of asphyxia from choking" and that she would not have purchased the Policy but for this misrepresentation, which clearly indicates that the misrepresentation occurred prior to her filing her claim. (Dkt. 16 ¶ 13). However, while similar allegations do appear in her Second Amended Complaint, there is no way for the Court or Minnesota Life to know when this representation was made because Plaintiff fails to provide any factual information to support this allegation as is required by Rule 9(b). *See Frith*, 9 F. Supp. 2d at 743. Like the plaintiff in *Frith*, Plaintiff has still failed to identify the name of the agent who allegedly made this misrepresentation to her, the date, time, or location where the misrepresentation occurred, or provide any explanation of how the alleged misrepresentation was fraudulent or deceptive. *See id.* Therefore, even if the Court were to assume that this alleged misrepresentation occurred at some point before Plaintiff submitted her claim to Minnesota Life, she has still not provided sufficient information to comply with her obligations under Rule 9(b).

Moreover, the misrepresentations that Plaintiff alleges are vague assertions regarding coverage, which would not support the Fraud Based Claims in any event. *See Dalwadi v. Holiday Hosp. Franchising, Inc.*, CV H-16-2588, 2017 WL 4479962, at *6 (S.D. Tex. July 5, 2017) (dismiss fraud claims where complaint contained nothing more that generic allegations regarding alleged misrepresentations); *SHS Inv. v. Nationwide Mut. Ins. Co.*, 798 F. Supp. 2d 811, 821 (S.D. Tex. 2011) (granting motion to dismiss where complaint contained only general allegations and conclusory statements regarding alleged misrepresentations by insurer related to coverage for a particular claim and deficiencies in the claims process).

Finally, Plaintiff makes no attempt to individually address Minnesota Life's contentions regarding her DTPA, TIC, and bad faith claims, and simply states that they are "clearly viable" for the same reasons as her fraud claim, notwithstanding the fact that Minnesota Life asserted additional arguments regarding each of these claims. (Dkt. 16 ¶¶ 14–18). Nevertheless, for the reasons set forth above and at length in Minnesota Life's Motion to Dismiss, Plaintiff's contentions regarding these claims fail and they should also be dismissed.

## IV. <u>CONCLUSION</u>

In conclusion, Plaintiff's Third Amended Complaint should be struck because Plaintiff failed to obtain consent or leave as required by Rule 15(a)(2) and permitting leave would futile in light of Plaintiff's previous failed attempts to address her pleading deficiencies and the immaterial nature of the proposed amendments contained in the Third Amended Complaint. Moreover, the Court should dismiss the Fraud Based Claims asserted in Plaintiff's Second Amended Complaint because she has failed to provide the level of detail required to support said claims under Rules 12(b)(6), 9(b), and other legal authorities. Therefore, Minnesota Life respectfully requests that the Court grant the Motion to Strike, grant the Motion to Dismiss,

dismiss the foregoing claims in the Second Amended Complaint, without leave to replead, and for all other relief to which Minnesota Life may be entitled at law or equity.

Dated: April 5, 2023

Respectfully submitted,

By: /s/ *Ryan K. McComber*
    Ryan K. McComber
    Texas Bar No. 24041428
    Fed. I.D. No. 621887
    ryan.mccomber@figdav.com
    Attorney-in-Charge

Of Counsel:
Dwayne I. Lewis, II
Texas Bar No. 24097996
Fed. I.D. No. 3690376
dwayne.lewis@figdav.com

FIGARI + DAVENPORT, LLP.
901 Main Street, Suite 3400
Dallas, Texas 75202-3796
(214) 939-2000 – telephone
(214) 939-2090 – facsimile

ATTORNEYS FOR DEFENDANT
MINNESOTA LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that on April 5, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF.

    /s/ *Ryan K. McComber*
    Ryan K. McComber