United States District Court
Southern District of Texas
**ENTERED**
June 29, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUE WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-23-424 |
| | § | |
| MINNESOTA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Sue Williams is the beneficiary of a life insurance policy issued by Minnesota Life Insurance Company to the late Michael Williams-Few. Williams alleges that Williams-Few died accidentally from asphyxia caused by choking. She alleges that Williams-Few's death was a covered occurrence under the policy, and that Minnesota Life violated both the contract and Texas law in improperly investigating and denying her claim. Williams also alleges that Minnesota Life fraudulently represented that the policy would cover a death resulting from accidental asphyxiation. Minnesota Life has moved to dismiss Williams's claims for bad faith, fraud, and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. (Docket Entry No. 11). Minnesota Life's motion does not address Williams's claim for breach of contract. Minnesota Life's reply in support of its motion also asks the court to strike Williams's third amended complaint, which was not filed in accordance with Rule 15(a)(2). (Docket Entry No. 19).

The court grants the motion to dismiss and motion to strike the third amended complaint. The reasons are as follows. If Williams wishes to file a third amended complaint, she must do so in accordance with Rule 15(a)(2) by July 28, 2023.

I.      **The Legal Standard**

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must "construe the complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010).

Rule 9(b) requires complainants asserting fraud, fraudulent inducement, and negligent misrepresentation to plead facts with sufficient particularity to "provide defendants adequate notice of the nature and grounds of the claim." *Floyd v. CIBC World Mkts., Inc.*, 426 B.R. 622, 652 (S.D. Tex. 2009) (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000)); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Pleadings must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.,* 365 F.3d 353, 362 (5th Cir.2004) (quoting *Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 177–78 (5th Cir.1997)). "Put simply, Rule 9(b) requires the 'who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343

F.3d 719, 724 (5th Cir.) (quoting *WMX Techs.*, 112 F.3d at 179), *modified*, 355 F.3d 356 (5th Cir. 2003).

## II.   Discussion

### A.   Claims Subject to Rule 9(b)

The parties do not dispute that Williams's claims for certain violations of the Texas Insurance Code and DTPA are subject to the heightened pleading standard of Rule 9(b), as is her fraud claim.  (*See* Docket Entry No. 11 at 3; Docket Entry No. 16 ¶ 15); *see also* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  They do dispute whether Williams's allegations meet that standard.

The second amended complaint alleges the following with respect to these fraud-based claims:

> 13.  Defendants Insurer misrepresented to Plaintiff the insured person was not covered for such peril even though the death was a covered occurrence, specifically, accidental death as a result of asphyxia from choking.  Defendants Insurer misrepresented to Plaintiff the insured person was covered for such peril of accidental death resulting from asphyxia caused by choking although Defendant Insurer denied such coverage.
>
> . . . .
>
> 49.  Defendant Insurer committed fraud in addition to other counts.  Defendant Insurer made a representation to Plaintiff that the policy covered the loss of accidental death resulting from asphyxia caused by choking. Defendant Insurer's representation was material. Defendant Insurer's representation was false.
>
> . . . .
>
> 50.  Defendant Insurer knew Defendant Insurer's representation was false or made Defendant Insurer's representation recklessly as a positive assertion and without knowledge of the truth of the representation when Defendant Insurer made Defendant Insurer's representation.  Defendant Insurer made Defendant Insurer's representation with the intent that Plaintiff act on Defendant Insurer's representation. Plaintiff relied on Defendant Insurer's representation and Defendant Insurer's representation caused Plaintiff injury.

(Docket Entry No. 8 ¶¶ 13, 49–50).  These allegations fail to plead fraud with particularity; nowhere does Williams allege when, where, or by whom the statements were made.  *Benchmark Elecs.*, 343 F.3d at 724.  In her brief, Williams argues that Minnesota Life "made its actions and representations to mislead Plaintiff on the true amount of Plaintiff's damages and obfuscate Plaintiff's knowledge of Plaintiff's rights and remedies" afforded by the policy at issue.  (Docket Entry No. 16 ¶ 12).  The allegations of the second amended complaint do not mention any misrepresentation with respect to the claim amount; in any event, it is doubtful whether these causes of action based on the claim amount could be maintained.[1]  The second amended complaint alleges only that Minnesota Life falsely represented that the policy covered "accidental death as a result of asphyxia from choking."

The court dismisses the fraud-based causes of action.

Williams suggests that she purchased the policy "based on [Minnesota Life's] representations and assurances" that the policy "cover[ed] Plaintiff for all perils *including that of accidental death as a result of asphyxia from choking*."  (Docket Entry No. 16 ¶ 13 (emphasis added)).  It is implausible that the parties discussed before the policy purchase and issuance the specific manner of Williams-Few's future death, especially given the absence of allegations about these discussions.  Williams may replead, but only if she can allege consistent with Rule 11 that before the policy was purchased, Minnesota Life represented to her that the policy covered death from asphyxia from choking in the type of accident in which Williams-Few would later perish.

---

[1] The court agrees with Minnesota Life that alleged misrepresentations as to the availably or amount of coverage for a particular insurance claim after the claim is made do not give rise to the fraud-based state-law causes of actions asserted here.  *See, e.g.*, *Overstreet v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:20-CV-242-A, 2020 WL 6132229, at *3 (N.D. Tex. Aug. 25, 2020) (collecting cases).

### B. Other Alleged Violations of the Texas Insurance Code and DTPA

Minnesota Life contends that Williams's other claims for violations of the Texas Insurance Code and DTPA must be dismissed because Williams's allegations are conclusory. The court agrees. For example, Williams alleges that Minnesota Life violated the DTPA by:

> a. Causing confusion or misunderstanding as to the approval or certification of goods or services;
>
> b. Representing goods or services have benefits which they do not have;
>
> c. Advertising goods or services with intent not to sell them as advertised;
>
> d. Representing an agreement confers or involves rights and benefits which it does not have or involve or which are prohibited by law;
>
> e. Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and
>
> f. Engaging in an unconscionable course of conduct.

(Docket Entry No. 8 ¶ 40). These allegations effectively contain no factual content other than the statement that Minnesota Life violated the law. *See Iqbal*, 556 U.S. at 678 (holding that more than an accusation that the "defendant-unlawfully-harmed-me" is required to state a claim). Nowhere does Williams allege what actions Minnesota Life took that amount to an "unconscionable course of conduct" or any other violation of the statute. Williams's allegations with respect to the Prompt Payment of Claims Act, (*id.* ¶ 43), and unfair insurance practices, (*id.* ¶¶ 46–48), are similarly defective in their lack of any factual content.

The claims for non-fraud-based violations of the Texas Insurance Code and DTPA are dismissed, without prejudice.

### C. Bad Faith

Finally, Minnesota Life argues that Williams's bad faith claims should be dismissed because they allege no actions other than the breach of the insurance contract, which cannot give

rise to an action for bad faith. (Docket Entry No. 11 at 7). Minnesota Life also argues that Williams has failed to allege it conducted an insufficient or unreasonable investigation of her claim. To support its position, Minnesota Life points to Williams-Few's death certificate, provided by Williams, which states that the cause of death was "natural" and not "accidental." (*Id.* at 7–8).

An insurer breaches its common-law duty of good faith when it "knew or should have known that it was reasonably clear that the claim was covered." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 133 (Tex. 2019) (quoting *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1996)). "So long as a bona fide coverage dispute exists, the insurer has complied with its duty of good faith and fair dealing even if the insurer's reasonable basis for denying the claim is determined to be erroneous." *Santacruz v. Allstate Tex. Lloyd's, Inc.*, 590 Fed. App'x 384, 387 (5th Cir. 2014) (citing *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997); *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 600 (Tex. 1993)). An insurer must "reasonably investigate a claim," *Giles*, 950 S.W. at 56 n.5, and will not absolve itself of its bad faith by conducting an investigation designed to find a "pretextual basis for denial." *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998).

Under the Texas Insurance Code, an insurer may not "refus[e] to pay a claim without conducting a reasonable investigation with respect to the claim." TEX. INS. CODE § 541.060(7). The Code provides for a private damages action for violations of § 541.060. *Id.* § 541.151(2).

The second amended complaint alleges that Minnesota Life "performed an outcome-oriented investigation of Plaintiff's claim," (Docket Entry No. 8 ¶ 17), but provides no allegations regarding what made Minnesota Life's investigation "outcome-oriented." Williams does not allege what information she provided to the insurer, what steps the insurer took to investigate her claim, or why it was "reasonably clear" that the claim was covered.

6

The bad faith claims are dismissed without prejudice.

### D. The Third Amended Complaint

Williams has filed a third amended complaint without obtaining Minnesota Life's consent or the court's leave. (Docket Entry No. 15). Minnesota Life asks the court to strike the third amended complaint. The court has reviewed the proposed third amended complaint and finds that it fails to cure the deficiencies identified above. The court therefore grants Minnesota Life's motion to strike.

### III. Conclusion

The court grants to the motion to dismiss, (Docket Entry No. 11), without prejudice.

Docket Entry No. 15 is stricken. If Williams wishes to file a third amended complaint, she must do so in conformity to Rule 15(a)(2) by **July 28, 2023**. Williams may replead her fraud-based Insurance Code and DTPA claims only if she is able to meet the conditions stated above in Section II.A of this opinion.

SIGNED on June 29, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge